UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DORREN LLOYD PALMER,

      Petitioner,

v.

                                  Case No.:  2:26-cv-01880-SPC-NPM

TODD M. LYONS *et al.*,

      Respondents,

_____/

## <u>OPINION AND ORDER</u>

Before the Court are Dorren Lloyd Palmer's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).

Palmer is a native and citizen of Jamaica who entered the United States on June 17, 2016, on a H2B visa valid until September 20, 2016.  On September 4, 2025, the Department of Homeland Security commenced removal proceedings by issuing a notice to appear and set a hearing for March 30, 2028. On November 27, 2025, local law enforcement arrested Palmer for simple assault.  He was transferred to the custody of Immigration and Customs Enforcement ("ICE") on December 23, 2025.

On February 6, 2026, Immigration Judge Scott Alexander denied Palmer's request for release on bond because Palmer "did not meet his burden to establish that he does not present a danger to the community."  (Doc. 5-1 at 3).  On April 2, 2026, Palmer obtained a marriage license and married a U.S.

citizen, who filed an I-130 Petition for Alien Relative on his behalf. Palmer then requested a second bond hearing. Immigration Judge Michael Walleisa denied the request because Palmer did "not demonstrate a material change in circumstances which changes the prior determination." (Doc. 5-1 at 6).

In his habeas petition, Palmer claims his detention violates the Fifth Amendment because it is prolonged and indefinite, and because the government has not presented any justification for continued detention. He asks the Court to order the respondents to either release him or afford him a bond hearing at which the government bears the burden of proof.

The government makes two arguments in response. First, the government argues the petition is moot. Not so. Palmer's petition is not moot because his challenge to continued detention "presents a live controversy with respect to which the court can give meaningful relief." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001). Second, the government points to a subsection of the Immigration and Nationality Act that strips the Court of jurisdiction to review an immigration judge's discretionary bond decisions:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). § 1226(e) does not apply here because Palmer does not ask the Court to review the immigration judges' discretionary judgments or

2

decisions.  Rather, he asserts a bona fide due process claim challenging the framework the government used to decide whether he should remain detained.

"It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings."  *Reno v. Flores*, 507 U.S. 292, 306 (1993).  Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint."  *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (internal quotation marks and citation omitted).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands."  *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976).  Courts looks to three factors when considering what process is due in a given situation: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."  *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh in Palmer's favor.  First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process Clause protects.

*Zadvydas*, 533 U.S. at 690.  Second, the risk of erroneous deprivation of that interest is substantial here.  While there is no hard limit on how long a noncitizen can be detained under § 1226(a), the longer the duration of Palmer's detention, the greater the deprivation to his right to liberty.  In the context of post-removal-order detention under § 1231, the Supreme Court limited the presumptively reasonable period of detention to six months.  *Id.* at 701.  The Court noted "that Congress previously doubted the constitutionality of detention for more than six months." *Id.*

As the Supreme Court recognized in *Zadvydas*, facts that justify a brief period of detention might not justify a longer period of detention.  *See id.* ("as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink").  The fact that Palmer's detention now exceeds six months and could continue indefinitely raises constitutional concerns.  But under the status quo, Palmer has no opportunity to address them.  The Court sees value in additional safeguards, like a bond hearing in which the government bears the burden of proof.  *See Velasco Lopez v. Decker*, 978 F.3d 842, 853 (2d Cir. 2020) (comparing the ease with which the government can gather evidence with the hurdles faced by a noncitizen in prolonged detention).

Third, the government has not established any legitimate interest in continuing to detain Palmer without presenting a justification.  Remember:

4

Judge Alexander put the burden of proof on Palmer in the first bond hearing, and Judge Walleisa denied the second request because he found no material change in circumstances. At no point since Palmer's detention began in December 2025 has ICE been required to show that either goal of immigration detention—to ensure the noncitizen's appearance at future immigration proceedings and to prevent danger to the community—outweighs Palmer's right to be free from physical restraint. A bond hearing where the government bears the burden of proof will preserve the two goals of immigration detention while accounting for the government's interest "in minimizing the enormous impact of incarceration in cases where it serves no purpose." *Velasco Lopez*, 978 F.3d at 854.

The Court will thus order the respondents to either bring Palmer before an immigration judge for a third bond hearing within ten days or release him under reasonable conditions of supervision while his removal proceeding is pending. To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and the government must bear the burden of proof to justify continued detention. The Court is aware the EOIR is the agency that conducts bond hearings, it is not a party to this action, and it may decide not to hold a hearing that satisfies these requirements. If the respondents are unable to ensure

5

Palmer receives a bond hearing that complies with this Order within ten days, they must release him, but they may impose reasonable terms of supervision.

Accordingly, it is hereby

**ORDERED**:

Dorren Lloyd Palmer's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED in part**.

(1)     Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Palmer for an individualized bond hearing before an immigration judge or (2) release Palmer under reasonable conditions of supervision.  If the respondents release Palmer, they shall give him telephone access so he can arrange transportation from the facility.

(2)     The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on June 23, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties or Record

6