UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DORREN LLOYD PALMER,

      Petitioner,

v.                                                          Case No.:  2:26-cv-1880-SPC-NPM

TODD M. LYONS *et al.*,

      Respondents,

                                     /

## OPINION AND ORDER

Before the Court are Dorren Lloyd Palmer's Emergency Motion Challenging Noncompliant Bond Hearings, to Enforce Judgment, and for Immediate Release (Doc. 9) and the government's response (Doc. 12).

Palmer is a native and citizen of Jamaica who lawfully entered the United States on June 17, 2016, but overstayed his H2B visa. Immigration and Customs Enforcement ("ICE") commenced removal proceedings on September 4, 2025, by issuing a notice to appear for a hearing on March 30, 2028. ICE detained Palmer on December 23, 2025. Over the next few months, two immigration judges denied Palmer's request for release on bond. The first found Palmer failed to prove he is not a danger to the community, and the second found no changed circumstances to justify a new determination. Palmer sought habeas relief.

On June 23, 2026, this Court found that Palmer's prolonged detention violated the Fifth Amendment because under the frameworks used in the bond hearings, the government was never required to show detention served a legitimate purpose, much less one that outweighed Palmer's liberty interest. The Court ordered the government to bring Palmer before an immigration judge for a third bond hearing with the following guardrails:

> To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and the government must bear the burden of proof to justify continued detention.

(Doc. 7 at 5).  The Court further ordered, "If the respondents are unable to ensure Palmer receives a bond hearing that complies with this Order within ten days, they must release him[.]"  (Doc. 7 at 5-6).  The Court's ruling was based on the recognition that "facts that justify a brief period of detention might not justify a longer period of detention."  (*Id.* at 4).  In other words, procedures that allowed Palmer's prolonged detention based only on a *lack* of evidence did not satisfy the Fifth Amendment's Due Process Clause.

An immigration judge conducted a bond hearing on June 29, 2026, and denied bond because Palmer "ha[d] not demonstrated a material change in circumstances which changes the prior determinations." (Doc. 12-1 at 1). The immigration judge did not put the burden on the government or consider the *Guerra* factors.  Because the hearing did not comply with the Court's prior

order, Palmer's motion (Doc. 9) is **granted**.  The respondents shall release Palmer within 12 hours of this Order and give him telephone access so he can arrange transportation from the detention facility.

**DONE AND ORDERED** in Fort Myers, Florida on July 9, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record

3